IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES ADAM HAWKINS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 5:25-cv-298-MTT-ALS |
| : | |
| GEORGIA STATE BOARD OF : | |
| PARDONS AND PAROLES, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

**ORDER**

*Pro se* Plaintiff James Adam Hawkins, an inmate presently confined at the Macon State Prison in Oglethorpe, Georgia, filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1). As discussed below, and if he wishes to proceed with his claims, Plaintiff must (1) recast his Complaint on the appropriate form, and (2) pay the appropriate filing fee or file a complete and proper motion for leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** of the date of this Order.

**DISCUSSION**

Plaintiff's claims appear to be based on his current incarceration. Plaintiff contends he was released from prison after serving eight years of a twenty-year sentence. (Doc. 1, at 5). He "maxed out [on] May 4, 2023 and reported to the Whitfield County State Probation Office in Dalton[,] Ga. On May 5, 2023, [he] was violated and arrested and transported to the [c]ounty [j]ail." *Id.* Plaintiff "eventually was sentenced to serve the remaining 12 years for violation of probation" for failing to report. *Id.*

Plaintiff contends his continued incarceration is "cruel and unusual[] punishment" and violates his constitutional rights because he was "not ac[t]ually on probation at the time [he] was

placed under arrest"—he was simply reporting to the probation office so he could be placed on their case load. *Id.* He is thus "suing for [his] constitutional rights to due process and lawful[] and re[a]sonable sentenc[]ing." *Id.* Although Plaintiff has filed this case as one seeking relief pursuant to 42 U.S.C. § 1983, at the top of his Complaint he also states that this case is "pertaining to habeas corpus action." *Id.* at 1. In addition, Plaintiff seeks release from prison as well as monetary damages. *Id.* at 6. Therefore, the nature of the pending action is not clear to the Court.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute," "and the burden of establishing [a federal court's jurisdiction] rests upon the party asserting jurisdiction[.]" *Id.* A party can establish original jurisdiction in a federal district court by asserting a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (federal question jurisdiction). The two most common types of cases filed by prisoners include claims arising under 42 U.S.C. § 1983 and federal habeas corpus petitions.

Generally, "any challenge to the *fact* or *duration* of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to *conditions* of confinement may proceed under [42 U.S.C.] § 1983." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)).[1] In other words, "[f]ederal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)). But "when a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983."

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

2

*Id.* (citing *McKinnis,* 693 F.2d at 1057). A prisoner cannot obtain the dismissal of pending charges or a speedier release through a § 1983 action, and he cannot seek monetary compensation in a federal habeas corpus action. *See Preiser*, 411 U.S. at 487, 489.

If Plaintiff is challenging his conviction and seeks his release, his claims would likely arise under 28 U.S.C. § 2254, which is the federal habeas corpus statute that applies to individuals who are in custody pursuant to a judgment of a state court. However, if Plaintiff is challenging the conditions of his confinement and seeking monetary damages as a remedy, his claims are properly raised under 42 U.S.C. § 1983. Plaintiff is therefore **ORDERED** to recast his Complaint on either a § 1983 form or a § 2254 form within **FOURTEEN (14) DAYS** of the date of this Order. The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the Court's § 1983 and § 2254 forms. Plaintiff should choose **ONE** of these forms, mark it with Case Number 5:25-cv-298-MTT-ALS, and recast his pleading on that form. **The recast pleading shall supersede (take the place of) his initial pleading (Doc. 1).** In other words, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. Plaintiff must name each defendant he wishes to sue, and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Plaintiff is not to attach more than ten pages of factual allegations to the complaint form.

In addition, Plaintiff has not paid the filing fee or moved for leave to proceed *in forma pauperis* in this case. Plaintiff shall therefore have **FOURTEEN (14) DAYS** from the date shown on this Order to either pay the $405.00 filing fee if he is proceeding under § 1983 or the $5.00 fee if he is proceeding under § 2254. Alternatively, Plaintiff may file a proper motion to proceed without the prepayment of the filing fee. This motion must contain a certified copy of Plaintiff's

3

prison trust fund account statement, as required by law. *See* 28 U.S.C. § 1915(a)(2); R. 3(a)(2), Rules Governing § 2254 Cases. The Clerk is **DIRECTED** to mail Petitioner a copy of the standard form, marked with the case number of the above-captioned action, that he should use for this purpose.

## CONCLUSION

In conclusion, Plaintiff is **ORDERED** to file a recast complaint consistent with the instructions herein. The Clerk is directed to forward the appropriate form to Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his pleading on **ONE** of the appropriate forms, and (2) to either pay the appropriate filing fee ($405.00 for a § 1983 case or $5.00 for a § 2254 case) or to file a complete motion for leave to proceed *in forma pauperis*. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this case.** There will be no service of process in this case until further order.

**SO ORDERED**, this 28th day of October, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE